# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 13-151 |
| ODELL WELLS | SECTION "L" (3) |

## ORDER & REASONS

Before the Court is Defendant Odell Wells' Motion to Set Aside, Correct and/or Vacate Sentence Under 28 U.S.C. § 2255, R. Doc. 818, and Motion for Leave to File Supplemental Pleading, R. Doc. 847. Having considered the Defendant's motions, Government's response, and the applicable law, the Court now issues this Order and Reasons.

**I.   BACKGROUND**

On February 13, 2014, a Second Superseding Indictment was returned against Defendant Odell Wells and his codefendnats. R. Doc. 192. On March 27, 2015, Defendant pled guilty to Count One of the Second Superseding Indictment, which charged that beginning around August 1, 2012 and continuing until July 9, 2013 Defendant and his codefendants did knowingly and intentionally conspire and agree with each other, along with other persons known and unknown to the Grand Jury, to distribute and possess with the intent to distribute 280 grams or more of a mixture or substance containing a detectable amount of cocaine base, a Schedule II narcotic drug controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), all in violation of 21 U.S.C. § 846. *Id.* at 2; R. Doc. 452.

As part of his plea Defendant entered into a plea agreement with the Government. R. Doc. 454. The agreement includes a waiver of Defendant's right to seek post-conviction relief under 28 U.S.C. § 2255. *Id.* at 3. Prior to sentencing Defendant filed a motion to withdraw his guilty plea. R. Doc. 596. In his motion, Defendant alleged that he was coerced into entering a guilty plea by his prior counsel and the Government. *Id.* at 3. In addition, Defendant alleges that his prior counsel failed to file motions on his behalf, did not show him all the discovery, and did not amend the proposed Factual Basis as Defendant requested. Defendant argued he was told to sign the Factual Basis so he would receive no more than a ten year sentence. *Id.* at 2. The Government opposed this motion stating that Defendant advised the Court he was entering a knowing and voluntary guilty plea. R. Doc. 603 at 2. On October 29, 2015, a hearing was held on this matter and Defendant orally moved to withdraw his motion to withdraw. R. Doc. 609. The motion was granted and Defendant's Motion to Withdraw was dismissed. *Id.*

On February 18, 2016, Defendant was sentenced to one hundred and seventy-five months imprisonment. R. Doc. 708. On February 21, 2017 Defendant filed this Motion to Set Aside, Correct, and/or Vacate Sentence Under 28 U.S.C. § 2255. R. Doc. 818. The Court now addresses Defendant's motion.

## II.  DEFENDANT'S MOTION

Defendant argues that his sentence should be set aside for three reasons. R. Doc. 818. First, Defendant argues his due process rights were violated when he was sentenced based on materially false and inaccurate information. *Id.* at 14. Defendant contends that no documentary evidence of his prior state drug convictions was attached to his presentence report and therefore those charges should not have been used as the basis for a sentence enhancement[1]. *Id.* Second,

---

[1] In support of this proposition, Wells cites two Fifth Circuit cases; however, the enhancement here was not in conflict with those holdings. First, in *United States v. Garcia-Lopez*, a panel of Fifth Circuit judges held that a

2

Defendant alleges ineffective assistance of counsel. *Id.* at 18. Defendant asserts that he asked counsel on the day of sentencing to file a direct appeal on his behalf and counsel has not done so. *Id.* Finally, Defendant alleges ineffective assistance of counsel on the grounds that his counsel did not file an interlocutory appeal on his behalf when the district court denied is motion to withdraw his guilty plea. *Id.*

### III. LAW AND ANALYSIS

When reviewing a *pro se* motion, the district court is especially obligated to consider whether the motion presents any basis for relief. *See Clymore v. United States*, 217 F.3d 370, 373 (5th Cir. 2000). As such, the Court will review Defendant's motion according to the less stringent standard afforded to *pro se* litigants. *See Ominski v. Northrup Grumman Shipbuilding, Inc.*, 466 Fed. App'x. 341, 345 (5th Cir. 2012).

The Fifth Circuit has held that a criminal defendant may waive his right to obtain post-conviction relief under 28 U.S.C. § 2255. *United States v. Wilkes,* 20 F.3d 651, 653 (5th Cir. 1994). Such a waiver is valid if it is informed and voluntary and if it preserves a claim for ineffective assistance of counsel with respect to either the validity of the plea or of the waiver itself. *Id.; United States v. White,* 307 F.3d 336, 343 (5th Cir. 2002). In this case, Defendant's plea agreement provides that Defendant "waives and gives up any right to challenge his sentence

---

district court could not rely on the presentence report's characterization of a defendant's prior conduct to determine a prior offense was a "drug trafficking offense" for purposes of imposing a sentencing enhancement. 410 F.3d 268, 273-74 (5th Cir. 2005). Second, in *United States v. Martinez-Cortez*, a panel of the Fifth Circuit held that the defendant's prior conviction for possession of a controlled substance could not be used to support an enhancement for a "serious drug offense." 988 F.2d 1408, 1415-17 (5th Cir. 1993). There, the Court explained that the presentence report was characterizing the prior offense – possession – as a serious drug offense without any evidence of the facts of the conviction. Here, the enhancement Wells received was a five-level increase as a career offender. To qualify for this increase, a defendant must be 18, the instant offense is a felony involving a controlled substance, and the defendant has at least two prior felony convictions for crimes of violence or involving controlled substances. The presentence report indicated Wells had two previous felony convictions for possession with intent to distribute controlled substances. These are clearly felonies involving controlled substances. Such a conclusion does not require a characterization of the offense, as discussed in *Garcia-Lopez* and *Martinez-Cortez,* but is solely based on the facts of the underlying conviction. Thus, such an enhancement was not in violation of Fifth Circuit precedent.

collaterally, including but not limited to any and all rights which arise under Titled 28, United States Code, Sections 2255" except the ineffective assistance of counsel that implicates the validity of the waiver or the validity of the plea. R. Doc. 454 at 3. Given the terms of the plea agreement, Defendant has waived his right to challenge that he was sentenced on materially false and inaccurate information as it is not a claim alleging ineffective assistance of counsel.

Defendant raises two claims of ineffective assistance of counsel. First, because of his counsel's failure to file a direct appeal following sentencing. Second, his counsel's failure to file an interlocutory appeal to contest the Court's denial of Defendant's motion to withdraw his plea. R. Doc. 818 at 18. As discussed above, Defendant's claim based on his attorney's alleged failure to file a direct appeal following sentencing is barred by the terms of the plea agreement.

However, Defendant's claim that his attorney failed to file an interlocutory appeal when the Court denied Defendant's motion to withdraw his guilty plea may relate to the validity of the guilty plea itself. As to Defendant's claim of ineffective assistance of counsel regarding his motion to withdraw his plea, Defendant was advised by the court, during his rearraignment that mandatory minimum sentence for his offence was ten years. R. Doc. 589 at 8. Defendant stated he understood. *Id.* In addition, Defendant attested that he plead guilty absent threats or promises regarding his sentence. *Id.* at 13. The Court found Defendant entered into the plea agreement voluntarily and knowingly. *Id.* at 16. Therefore, Defendant has no claim for ineffective assistance of counsel as to the waiver or the plea. Further, as stated above, Defendant withdrew his motion to withdraw his guilty plea and the Court dismissed the motion to withdraw, it was not denied by the Court. R. Doc. 609.

In addition, in *Strickland v. Washington,* 466 U.S. 668, 687 (1984), the Supreme Court announced the two-pronged standard for a defendant to prevail on an ineffective assistance of

counsel argument. First, the defendant must show that counsel's performance was deficient and second that this deficient performance caused the defendant prejudice[2]. *Id.* Here, Defendant would likely fail to satisfy the first prong as following counsel's advice and pleading guilty allowed Defendant to avoid being sentenced on several other counts in the superseding indictment. Therefore, Defendant is barred from the relief he seeks.

## IV.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion to Set Aside, Correct, and/or Vacate, R. Doc. 818, is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to File Supplemental Pleading, R. Doc. 847, is **DISMISSED** as moot.

New Orleans, Louisiana, this 29th day of August, 2017.

_____
UNITED STATES DISTRICT JUDGE

---

[2] *United States v. Davis*, No. CRIM. 08-231, 2012 WL 1802498, at *4 (E.D. La. May 17, 2012)