UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL ACTION |
| versus | * | NO. 13-151 |
| ODELL WELLS | * | SECTION "L" |

**ORDER & REASONS**

Pending before the Court is Petitioner Odell Wells' *pro se* Motion for Compassionate Release. R. Doc. 899. The government opposes the motion. R. Doc. 901.

I.      BACKGROUND

On March 27, 2015, Petitioner Odell Wells pleaded guilty Count 1 of a Second Superseding Indictment charging him with conspiring to distribute and possess with the intent to distribute 280 grams or more of a mixture or substance containing a detectable amount of cocaine base in violation of 21 U.S.C. § 846. On February 18, 2016, Mr. Wells was sentenced to 175 months in the custody of the Bureau of Prisons to be followed by a five-year term of supervised release. R. Doc. 705. A $100 special assessment fee was also imposed. *Id*. at 5.

II.     PENDING MOTION

Mr. Wells has filed the instant *pro se* motion for compassionate release under 18 U.S.C. 3582(c)(1)(A), in light of extraordinary and compelling circumstances. R. Doc. 899 at 3. He explains that he was "requested help on April 8, 2020 from Yazoo City Federal Complex (Medium)." *Id*. He also notes that if released, he intends to live with his wife and sons in his in-laws' home and has secured several job opportunities, including potential employment at the

1

Cargill Refinery in Reserve, Louisiana, a landscaping business in Kenner, Louisiana, and a barbershop in Destrahan, Louisiana. *Id.* at 4. He also intends to dedicate time to visiting public schools and speaking about health, finance, education, drugs, and crime. *Id.* Mr. Wells also seeks to spend the rest of his term of imprisonment in home confinement.

The government opposes the motion on the grounds that Mr. Wells has not exhausted his administrative remedies as required by § 3582(c)(1)(A), and that even if he had, he has failed to articulate that extraordinary and compelling reasons exist meriting his release. R. Doc. 901. The Court characterize this motion as being "based on concerns arising from the COVID-19 pandemic." *Id.* at 1. The government filed a supplemental motion focusing on Mr. Wells' allegations of sentencing error. R. Doc. 902. The government maintains that Mr. Wells' sentence was justifiable based on the § 3553(a) factors as informed by his correctly-calculated Guidelines Range. *Id.* at 2.

### III. LAW & DISCUSSION

As an initial matter, the Court must "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *Harris v. Miller*, 818 F.3d 49, 56 (2d Cir. 2016); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Here, Mr. Well seeks relief under § 3582(c)(1)(A) on the grounds that his sentencing guidelines were miscalculated because he was "erroneously" designated a Career Offender and sentenced accordingly. R. Doc. 899 at 2. Mr. Wells asserts that the alleged miscalculation constitutes an "extraordinary and compelling" reason warranting relief under § 3582(c)(1)(A), particularly in light of the passage of the First Step Act and recent "Supreme Court rulings on priors used for enhancements and properly calculated guidelines," which Mr. Wells does not cite. *Id.* at 5. Mr. Wells' motion also contains a section title "First Step Act," in which he argues for relief on the

basis that "had been sentenced under today's sentencing regime, petitioners sentence would be substantially lower because of Supreme Court rulings on priors used for enhancements and properly calculated guidelines." R. Doc. 899 at 5.

The Court is unaware of any federal district court opinions holding that the miscalculation of guidelines is properly addressed through § 3582(c)(1)(A). Nevertheless, the Court recognizes that guideline miscalculation is a serious error that allows an appellate court to correct the mistake even if the defendant failed to object in the lower court or even make the argument in his opening brief on appeal. *United States v. Douglas*, 910 F.3d 804, 806 (5th Cir. 2018), *as revised* (Dec. 19, 2018). Accordingly, the Court first considers whether there is any merit to Mr. Wells' argument before determining whether relief is warranted under § 3582(c)(1)(A) or an alternate avenue.

Mr. Well's was sentence to 175 months imprisonment, which reflected a downward variance from the advisory Guidelines Range of 262 to 327 months. This Guidelines Range is based on the Final Presentence Investigation Report's calculation of Mr. Wells' total offense level as 34 and his criminal history category as VI. R. Doc. 506. Specifically, his total offense level included a base offense level of 30 points for violations of 21 U.S.C. § 841(a) involving over 280 grams of cocaine base and a 2-point specific offense characteristic enhancement because a dangerous weapon was possessed. Pursuant to U.S.S.G § 4B1.1, Mr. Wells qualified as a Career Offender, and because the statutory maximum sentence associated with his offense of conviction was life, his offense level was 37 under the Chapter Four Enhancement. *Id*. at 21. A 3-point reduction for acceptance of responsibility was also applied, reducing his total Offense Level to 34. R. Doc. 506 at 23.

Specifically, Mr. Wells appears to contest his designation as a Career Offender, which he deems was "erroneous" and the result of a "tentative plea deal." R. Doc. 899 at 2. United States

Sentencing Guideline section 4B1.1(a) provides that a defendant is a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Here, Mr. Wells' Career Offender enhancement was warranted because (1) he was over 18 at the time the instant offense was committed; (2) the instant offense was a felony involving the possession and distribution of cocaine base; and (3) he had at least two prior felony convictions involving controlled substances. R. Doc. 506 at 22. Mr. Wells has not pointed to any evidence that his Career Offender status was unwarranted, nor has he challenged any other component of his offense level or criminal history score. Accordingly, the Court concludes that the Career Offender enhancement was warranted and his Guidelines Range was adequately considered when imposing a sentence upon him. The Court also recognizes that although Mr. Wells was sentenced in excess of the statutory minimum associated with his underlying conviction, he received a substantial downward variance from the lower end of the Guidelines Range, a decision the Court made after considering the 3553(a) factors and the sentences imposed on Mr. Wells' co-defendants.

Moreover, although Mr. Wells may feel like his plea deal in retrospect was "tentative," by signing the plea agreement he specifically indicated that he understood "that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by these discussion," that the guidelines are merely advisory, and that "the Court could impose the maximum term of imprisonment" if it found such a term to be appropriate. R. Doc. 454 at 3. Further, at Mr. Wells' rearraignment, he was read a summary of the charges, informed of the maximum penalties, and engaged in a verbal colloquy with the Court regarding his understanding of the effect of the plea agreement and his capacity to plead.

4

Accordingly, the Court rejects the idea that the plea agreement was in any way "tentative."

Because the Court concludes that it did not err in calculating and considering his Guidelines Range, the Court need not address whether 18 U.S.C. § 3582(c) is the proper vehicle for seeking such relief. Nevertheless, heeding its obligation to construe Mr. Well's *pro se* motion liberally, the Court considers whether Mr. Wells is entitled to compassionate release under 18 U.S.C. § 3582(c) on any other grounds.

Although a court is generally prohibited from modifying an already-imposed term of imprisonment, 18 U.S.C. § 3582(c) allows a court to reduce a sentence if, after considering the applicable § 3553 factors, "extraordinary and compelling reasons exist" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The statute also imposes certain procedural requirements. Specifically, § 3582(c)(1)(A) allows an inmate to seek compassionate release from the district court provided he has first filed an internal request to the warden of his facility for a sentence reduction and either (1) "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to act on his behalf; or (2) waited thirty days from the warden's receipt of such a request. *Id*.

In sum, courts routinely consider three requirements when determining whether compassionate release is appropriate: (1) whether the defendant has exhausted administrative remedies; (2) whether extraordinary and compelling reasons exist; and (3) whether defendant poses a danger to the safety of any other person or society. The defendant bears the burden of demonstrating that these elements are satisfied. *United States v. Davis*, No. CR 07-357, 2020 WL 2838588, at *2 (E.D. La. June 1, 2020).

Besides the alleged miscalculation of his Guidelines Range, an argument the Court has already rejected, Mr. Wells cites nothing that could be construed as an extraordinary or compelling

5

circumstance warranting compassionate release. Further, even if he had articulated some arguable basis for relief, the Court would be required to deny the motion on the grounds that Mr. Wells' has not exhausted his administrative remedies, a mandatory prerequisite to relief under 18 U.S.C. § 3582(c). S*ee e.g.*, *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020) ("Even though this exhaustion requirement does not implicate our subject-matter jurisdiction, it remains a mandatory condition."); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (characterizing failure to exhaust administrative remedies as "a glaring roadblock foreclosing compassionate release at this point"); *United States v. Lee*, No. CR 17-204, 2020 WL 3490437, at *2 (E.D. La. June 26, 2020) ("[T]his Court agrees with the position taken by other sections of the Eastern District of Louisiana, *i.e.* that failure to meet the so-called "exhaustion" requirements of 3582(c)(1)(A) forecloses the avenue to relief."); *United States v. Nevers*, No. CR 16-88, 2020 WL 3077034, at *3 (E.D. La. June 10, 2020) ("Section 3582(c)(1)(A)'s exhaustion requirement is mandatory and does not enumerate any exceptions."); *United States v. James*, CM/ECF No. 13-85, R. Doc. 95 at 12 (E.D. La. Apr. 16, 2020) (denying compassionate release for failure to exhaust administrative remedies and observing that "[t]his Court agrees with the overwhelming majority of courts on the exhaustion issue. Section 3582(c)(1)(A)'s exhaustion requirement is set out in mandatory terms and does not enumerate any exceptions."); *United States v. Celestine*, CM/ECF No. 18-83, R. Doc. 133 at 3 (E.D. La. Apr. 13, 2020) ("While this Court is sympathetic to Defendant's request, it has no authority to consider it until Defendant exhausts the requirements of the [First Step Act]."); *see also James*, CM/ECF No. 13-85, R. Doc. 95 at 12 n. 79 (E.D. La. Apr. 16, 2020) (collecting cases).

Here, there is no evidence that Mr. Wells has exhausted his administrative remedies as required. Although he alleges that on April 8, 2020, he requested and received help from a Unit Manager and a Counselor at the Yazoo City (Medium) Federal Complex, R. Doc. 899 at 3, he does

6

not attach a copy of his communication with these individuals or provide the Court an opportunity to consider whether the communication was indeed a request to the warden of his facility for compassionate release. Further, the government avers Mr. Wells has not made the appropriate request. R. Doc. 901 at 7. Keeping in mind that Mr. Wells bears the burden of proof on this issue, the Court concludes that this failure would foreclose compassionate release at this time even if Mr. Wells had articulated some appropriate basis for seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A).

### IV. CONCLUSION

Because the Court finds that it made no error in adopting Probation's calculation of Mr. Wells' Guidelines Range and considering that Guidelines Range in imposing his 175-month sentence, and because Mr. Wells has failed to exhaust his administrative remedies and articulate any alternative basis upon which compassionate release could be warranted,

**IT IS ORDERED** that Mr. Wells' motion is **DENIED**.

New Orleans, Louisiana this 5th day of August, 2020.

_____
Eldon E. Fallon
United States District Judge