UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL ACTION |
| VERSUS | * | NO. 13-151 |
| ODELL WELLS | * | SECTION "L" |

**ORDER & REASONS**

Pending before the Court is Defendant Odell Wells's *pro se* motion for compassionate release. R. Doc. 946. The government opposes the motion. R. Doc. 950.

## I.   BACKGROUND

On March 27, 2015, Defendant Odell Wells pleaded guilty to Count 1 of a Second Superseding Indictment charging him with conspiracy to distribute and possess with the intent to distribute 280 grams or more of a mixture or substance containing a detectable amount of cocaine base in violation of 21 U.S.C. § 846. R. Doc. 705. On February 18, 2016, Wells was sentenced to 175 months in the custody of the Bureau of Prisons to be followed by a five-year term of supervised release. R. Doc. 705.

Defendant previously filed a *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on an alleged sentencing error. R. Doc. 899. This Court denied the motion, finding both that Wells failed to exhaust his administrative remedies prior to filing the motion, and that, in any event, there was no sentencing error. R. Doc. 903. The Fifth Circuit affirmed. R. Doc. 930.

## II.   PENDING MOTION

On June 23, 2022, Wells filed the instant *pro se* motion for compassionate release,

1

seeking immediate release from imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). R. Doc. 946. Wells argues that his sentence should be reduced based on the following three reasons that he contends constitute extraordinary and compelling circumstances. *Id.* First, Wells cites health risks he faces from the COVID-19 pandemic while incarcerated. *Id.* at 8-9. Second, Defendant points to the Equal Act, a bill pending before Congress that Wells claims would, if enacted, reduce sentencing disparities between powder cocaine and cocaine base, thereby reducing the sentencing guidelines range applicable to him. *Id.* at 9-11. Last, Wells argues that his completion of a number of rehabilitation programs offered by the Bureau of Prisons ("BOP") weighs in favor of his release. *Id.* at 11-12. Defendant also avers that, following his prior unsuccessful motion for compassionate release, the Fifth Circuit broadened district courts' discretion to grant compassionate release under 18 U.S.C. § 3582(c)(1)(A). R. Doc. 946 at 4 (citing *United States v. Cooper*, 996 F.3d 283 (5th Cir. 2021).

The government opposes the motion, arguing that Wells failed to exhaust administrative remedies prior to filing the instant motion. R. Doc. 850 at 6. As the government notes, Wells submitted a written request on March 10, 2022 to the Warden of FCI Yazoo, asking the Warden to file a motion for compassionate release on his behalf. *Id.* The request did not identify any specific extraordinary and compelling circumstances to justify release. *Id.* The government contends that, because Wells's request to the Warden did not cite any of the reasons for release contained in his motion, he has failed to exhaust his administrative remedies for the instant motion. *Id.* at 7. Moreover, even if Wells did meet the administrative exhaustion requirement, the government asserts the motion fails on the merits. *Id.* at 10-11. For instance, the government avers that Wells's argument for release based on COVID-19 is unavailing because he is a healthy forty-year old who, when offered, refused the Pfizer-BioNTech COVID-19 vaccine. *Id.* at 12.

Finally, the government contends that Defendant's sentencing guidelines would not change under the revised sentencing scheme contemplated by the proposed Equal Act. *Id.* at 24.

### III. LAW & DISCUSSION

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights … if it finds that extraordinary and compelling reasons warrant such a reduction." The United States Sentencing Commission's policy statements provide four types of "extraordinary and compelling reasons" that may justify a sentence reduction: (1) medical conditions, (2) age, (3) family circumstances, and (4) other reasons. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (quoting U.S.S.G. § 1B1.13 cmt. n.1(A)–(D) (2018)). This policy statement does not bind courts, but serves to inform its analysis for determining sufficient circumstances to merit compassionate release." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021); *Thompson* 984 F.3d at 433.

Significantly, prior to filing a motion in court, 18 U.S.C. § 3582(c)(1)(A) requires that prisoners exhaust all administrative remedies for seeking compassionate release. The Fifth Circuit has made clear that administrative exhaustion is "a paradigmatic mandatory claim-processing rule." *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020). Thus, when the government properly invokes this requirement, courts must enforce the rule. *Id.* Further, mere substantial compliance with administrative requirements does not constitute exhaustion. *Zebrowski v. U.S. Fed. Bureau of Prisons*, 558 F. App'x 355, 359 (5th Cir. 2014). In particular, prisoners must present their requests for compassionate release in a way that gives "officials a fair opportunity to address the problem" that may later form the basis of the motion. *Id.* The burden of demonstrating exhaustion of administrative remedies rests with the prisoner. *United*

*States v. Davis*, No. CR 07-357, 2020 WL 2838588, at *2 (E.D. La. June 1, 2020).

In this case, the government has expressly invoked the administrative exhaustion requirement. R. Doc. 50 at 6. Thus, the court must enforce this bar to filing a motion, if indeed it applies. Considering Defendant's written request to the Warden and his motion to this Court, the Court finds that Defendant did not properly exhaust his administrative remedies. In his request to the Warden on March 10, 2022, Wells did not cite any specific justifications for early release from imprisonment. R. Doc. 946-2. Rather, he merely stated "extraordinary and compelling circumstances exist" to warrant his release. *Id.* By contrast, in his instant motion, Defendant cites (1) health concerns stemming from COVID-19; (2) a bill pending before Congress that he claims would reduce his sentencing guidelines; and (3) his completion of BOP rehabilitation programs. R. Doc. 946 at 8-12. But again, none of these reasons were provided in Wells's request to the Warden in March 2022. R. Doc. 946-2. The Warden therefore did not have a "fair opportunity" to assess any of the purported justifications for a reduction in sentence that serve as the basis for Wells's present motion. *Davis*, No. CR 07-357, 2020 WL 2838588, at *2. Accordingly, Wells has failed to exhaust his administrative remedies, foreclosing compassionate release at this time.

Because Defendant's motion is not compliant with the requirements of administrative exhaustion, the Court cannot reach the merits, if any, of the arguments in his motion in favor of a reduced sentence.

## IV. CONCLUSION

Because the Court finds that Wells has failed to exhaust his administrative remedies,

**IT IS ORDERED** that Mr. Wells' motion is **DENIED**.

New Orleans, Louisiana this 25th day of July, 2022.

Eldon E. Fallon
United States District Judge