UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | * | CRIMINAL ACTION |
|---|---|---|
| VERSUS | * | NO. 13-151 |
| ODELL WELLS | * | SECTION "L" |

### ORDER & REASONS

Pending before the Court is Defendant Odell Wells' *pro se* motions to be appointed counsel and for compassionate release. R. Doc. 954, R. Doc. 956. The government opposes the motions. R. Doc. 960.

I.     BACKGROUND

On March 27, 2015, Defendant Odell Wells pleaded guilty to Count 1 of a Second Superseding Indictment charging him with conspiracy to distribute and possess with the intent to distribute 280 grams or more of a mixture or substance containing a detectable amount of cocaine base in violation of 21 U.S.C. § 846. R. Doc. 705. On February 18, 2016, Wells was sentenced to 175 months, a downward variance, in the custody of the Bureau of Prisons to be followed by a five-year term of supervised release. R. Doc. 705.

Defendant previously filed a *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on an alleged sentencing error. R. Doc. 899. This Court denied the motion, finding both that Wells failed to exhaust his administrative remedies prior to filing the motion, and that, in any event, there was no sentencing error. R. Doc. 903. The Fifth Circuit affirmed. R. Doc. 930.

Defendant filed an additional *pro se* motion for compassionate release under 18 U.S.C. §

1

3582(c)(1)(A). R Doc. 947. This Court denied the motion, finding both that Wells failed to exhaust his administrative remedies prior to filing the motion.

## II. PENDING MOTION

On August 2, 2022, Wells filed the instant *pro se* motion for appointment of counsel, seeking counsel to aid in his response to the U.S. Attorney's motion opposing his instant 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release. R. Doc. 954. Wells argues that due to his lack of formal training in the proper protocols required to address the court, he should be appointed counsel.

On October 24, 2022, Wells filed the instant *pro se* motion for compassionate release, seeking immediate release from imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). R. Doc. 956 at 1. Wells argues that his sentence should be reduced based on the following three reasons that he contends constitute extraordinary and compelling circumstances. *Id*. at 3. First, Wells cites health risks he faces from the COVID-19 pandemic while incarcerated. *Id*. at 8-9. Second, Defendant points to the Equal Act, a bill pending before Congress that Wells claims would, if enacted, reduce sentencing disparities between powder cocaine and cocaine base, thereby reducing the sentencing guidelines range applicable to him. *Id*. at 10-11. Last, Wells argues that his completion of a number of rehabilitation programs offered by the Bureau of Prisons ("BOP") weighs in favor of his release in light of the sentencing factors of 18 U.S.C. § 3553(a). *Id*. at 11-12. Defendant also avers that he is not constrained by the limited definition of what constitutes extraordinary and compelling reasons as stated in U.S.S.G. § 1B1.13 because this motion was brought by the defendant on his own behalf after BOP failed to file his request within 30 days. R. Doc. 946 at 4 (citing *United States v. Cooper*, 996 F.3d 283 (5th Cir. 2021)).

The government opposes the motion, arguing that Wells fails to meet his burden of demonstrating extraordinary and compelling reasons for relief on the merits, and the applicable sentencing factors under 18 U.S.C. § 3553(a) outweigh the reasons alleged by the defendant. R. Doc. 960 at 1. As the government notes, Wells filed a written motion asking this Court to apply the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to release him from his prison sentence. *Id*. at 3. The government notes that this is defendant's third motion of this kind. *Id*. While the government contends that Wells has exhausted administrative requirements for seeking compassionate release, it asserts that his request did not identify any extraordinary and compelling circumstances to justify release. *Id*. at 6-7. For instance, the government avers that Wells' argument for release based on COVID-19 is unavailing because he is a healthy forty-year old who, when offered, refused the Pfizer-BioNTech COVID-19 vaccine. *Id*. at 4, 13. The government also contends that Defendant's sentencing guidelines would not change under the revised sentencing scheme contemplated by the proposed Equal Act. *Id*. at 19-20. Finally, the government argues that the applicable § 3553(a) factors weigh against release based on Defendant's crimes and behavior in prison. *Id*. at 21-22.

### III. APPLICABLE LAW

*Motion to Appoint Counsel*

There is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."). In the context of 18 U.S.C. § 3582(c)(2) motions, which are analogous to compassionate release motions pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), "the Fifth Circuit has held that defendants have no statutory or constitutional right to counsel." *United States v. Joseph*, No. 15-307, 2020 WL 3128845, at *1 (E.D. La. June 12, 2020) (citing

3

*United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995); *United States v. Moore*, 400 F. App'x 851, 852 (5th Cir. 2010) (per curiam)).

"Although a defendant in a § 3582(c) motion does not have a statutory or constitutional right to appointment of counsel, the Court may appoint counsel in the interest of justice." *United States v. Mogan*, No. 14-040, 2020 WL 2558216, at *4 n.29 (E.D. La. May 20, 2020) (quoting *United States v. Rodriguez*, No. 10-17, 2015 WL 13664966, at *2 (S.D. Tex. Aug. 20, 2015)); *see also* 18 U.S.C. § 3006A(a)(2) (allowing appointment of counsel under certain circumstances when "the court determines that the interests of justice so require"). The interests of justice do not require that counsel be appointed where a "[defendant's] ... motion d[oes] not involve complicated or unresolved issues" or where a defendant proves capable of representing himself pro se. *See Joseph*, 2020 WL 3128845 at *2.

*Motion for Compassionate Release*

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights . . . if it finds that extraordinary and compelling reasons warrant such a reduction." The United States Sentencing Commission's policy statements provide four types of "extraordinary and compelling reasons" that may justify a sentence reduction: (1) medical conditions, (2) age, (3) family circumstances, and (4) other reasons. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (quoting U.S.S.G. § 1B1.13 cmt. n.1(A)–(D) (2018)). This policy statement does not bind courts, but serves to inform its analysis for determining sufficient circumstances to merit compassionate release." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021); *Thompson*, 984 F.3d at 433. Prior to filing a motion in court, 18 U.S.C. § 3582(c)(1)(A) requires that prisoners exhaust all administrative remedies for seeking

4

compassionate release. *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020).

A district court may deny relief based on the applicable 18 U.S.C. § 3553(a) factors without reaching whether a defendant has extraordinary and compelling reasons for release. *See United States v. Samak*, No. CR 91-189, 2020 WL 4050365, at *5 (E.D. La. July 20, 2020) (avoiding question of whether defendant had established extraordinary and compelling circumstances because, even if he had, defendant was not entitled to compassionate release given nature of his offenses and the impact his crimes left on his victims), aff'd, 832 F. App'x 330 (5th Cir. 2020). A district court may deny relief if, despite the existence of extraordinary and compelling reasons, the sentencing factors set forth in 18 U.S.C. § 3553(a) outweigh the extraordinary and compelling reasons. *See* 18 U.S.C. § 3582(c)(1)(A). These factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and sentencing range [provided for in the U.S.S.G.]. . . .
>
> (5) any pertinent [Sentencing Commission] policy statement...the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (6) the need to provide restitution to any victims of the offense.

*Id*. § 3553(a).

## IV. DISCUSSION

*Motion to Appoint Counsel*

The motion at issue is not complex. *See United States v. Drayton*, No. 10-20018, 2020 WL 2572402, at *1 (D. Kan. May 21, 2020) ("[A] claim for compassionate release is not particularly complex factually or legally."). In the past year, Wells has submitted three *pro se* motions, and as such has proved fully capable of representing himself *pro se*. *See United States v. Delco*, No. 09-57, 2020 WL 4569670, at *2–3 (E.D. La. Aug. 7, 2020) (declining to appoint counsel to a defendant seeking compassionate release, observing that there was "[no] ... indication" that the defendant, who had submitted a twenty-two page brief, was "incapable of adequately presenting his motion pro se."); *see also* United States v. Hames, No. 09-39, 2020 WL 3415009, at *1 (E.D. Tex. June 19, 2020) (denying appointment of counsel for defendant seeking compassionate release who submitted a well-reasoned brief, and provided no basis to suggest that appointment of counsel would help him obtain relief).

*Motion for Compassionate Release*

Considering Defendant's motion to this Court, the Court finds that Defendant has not met his burden of demonstrating extraordinary and compelling relief on the merits, and the applicable sentencing factors under 18 U.S.C. § 3553(a) outweigh the reasons alleged by the defendant. First, Defendant cites his fear of contracting COVID-19 in prison due to his diagnosis of Bell's Palsy as a basis for relief. R. Doc. 959 at 9. This Court has held that there exists "no evidence that Bell's Palsy . . . causes an individual to be immunocompromised or . . . otherwise increases the risk of COVID-19 infection." *United States v. Chambers*, 2020 WL 4260445, at *7 (E.D. La., Jul. 24, 2020). Furthermore, Defendant refused the Pfizer-BioNTech COVID-19 vaccine. R. Doc. 959 at 9. Even if extraordinary and compelling reasons did exist, the factors set out in 18

U.S.C. § 3553(a) outweigh the reasons alleged by the defendant. While Wells is taking steps to complete programs to better himself in prison, R. Doc. 959 at 12, he was convicted for a serious drug crime, for which he was given a downward variance at sentencing. Accordingly, Wells has failed to establish extraordinary and compelling reasons for relief on the merits, foreclosing compassionate release at this time.

## V.      CONCLUSION

Because the Court finds that Wells has failed to exhaust his administrative remedies and because the interest of justice does not require counsel be appointed in this case

**IT IS ORDERED** that Mr. Wells' motion to appoint counsel, at R. Doc. 954, and motion for compassionate release, at R. Doc. 956, are **DENIED**.

New Orleans, Louisiana this 13th day of June, 2023.

Eldon E. Fallon
United States District Court